**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ERIC C. BURGIE                                                                      PLAINTIFF
ADC #120956

V.                                  NO: 5:08CV00046 JLH/HDY

LARRY NORRIS *et al.*                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was  not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original,  of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Varner Super Max Unit of the Arkansas Department

of Correction, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on February

20, 2008, alleging he was wrongly charged with a disciplinary violation and, as a result, improperly

classified for purposes of an incentive program.  On March 11, 2008, Plaintiff filed an amended

complaint (docket entry #12), naming additional Defendants, and alleging that he has been denied

access to the Court, due to his being denied law library materials.  On April 1, 2008, Plaintiff filed

another amended complaint, naming as a Defendant Lula Goins, the officer who charged him with

the disciplinary violations, and also asserting tort claims of defamation of character and slander

against Goins.

On April 24, 2008, the Court granted Plaintiff's motion to voluntarily dismiss all his claims

against Defendants Larry Norris, James Gibson, and Lori Taylor, and his claims against Grant Harris

regarding his disciplinary appeal (docket entry #51).  On June 16, 2008, Plaintiff filed a motion to

dismiss all his claims, which related to Court and law library access, against Ray Hobbs, Stevenson,

2

and Milburn; and to dismiss his claims regarding Court and library access against Defendant Grant Harris (docket entry #77).  The undersigned has recommended that motion be granted (docket entry #82), but the recommendation has not yet been acted upon.  Thus, the only remaining claims at issue are Plaintiff's allegations that his constitutional rights were violated when his incentive level was changed as a result of his disciplinary conviction, and his tort claims against Lula Goins.  Remaining Defendants (hereinafter "Defendants") are Grant Harris, Thomas Hurst, Ravonna Walker, Willie Hampton, Sharon Foots, B. Thomas, Abesie Kelly, and Lula Goins.[1]

Now pending before the Court is Defendants' motion for summary judgment, brief in support, and statement of facts (docket entries #59-#61).  Plaintiff filed a response on June 20, 2008 (docket entry #78), to which Defendants replied (docket entry #79).  Plaintiff filed a supplemental response on July 8, 2008 (docket entry #81).

## I.  Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the

---

[1]Plaintiff has not specifically moved to dismiss the Jane Doe law library supervisor, but, in light of his motion to dismiss his claims regarding his law library access, it appears that he has abandoned any claim against her as well.

outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)).

## II. Analysis

The only claims remaining in this case are that Defendants Harris, Hurst, Walker, Hampton,

Foots, Thomas, and Kelly, improperly reduced Plaintiff's level on the Incentive Program Level

System,[2] or failed to restore it; and that Goins is liable for the common law tort of defamation and

slander, based upon the disciplinary charges she filed against Plaintiff.

*A. Reduction in incentive level program*

The events leading to the disciplinary charge began on December 13, 2005.  According to

Plaintiff's complaint, Goins came to Plaintiff's cell block to distribute "movie papers."  When Goins

arrived at Plaintiff's cell, she alleged that he was masturbating, and refused orders to stop.

Accordingly, Goins issued disciplinary charges for indecent exposure, and failure to obey staff

orders.  A disciplinary hearing was conducted on December 19, 2005, where Plaintiff pleaded not

guilty to both charges.  The hearing officer found Plaintiff guilty of failure to obey staff orders, but

not guilty of indecent exposure.  Plaintiff's appeal of the conviction was fruitless.

As a result of the conviction, the classification committee reduced Plaintiff's level on the

Varner Super Max incentive program.  Plaintiff asserts that the reduction in his level violated his

constitutional rights to equal protection and due process because he was not allowed to appear before

the classification committee.  Plaintiff also contends the classification committed members violated

---

[2]The Incentive Level Program System is a program designed to assist Varner Super Max inmates in learning to modify their behavior by "learning to live within the parameters of society by learning to live within the rules and expectations of the correctional setting."  The program allows inmates to work toward progressively more privileges with good behavior (docket entry #60, exhibit #5, page #19).

ADC policy by basing their decision on the disciplinary conviction, when disciplinary convictions should be separate issues.  Plaintiff seeks damages and a transfer to the general population of another unit.

Plaintiff's alleged injury is that he was denied privileges, and required to spend more time in the Varner Super Max Unit as a result of Defendants' violating ADC policy by relying on a disciplinary conviction to reduce his level in the incentive program, thereby making him ineligible to move to a general population unit.

As to Plaintiff's being housed in the super max unit, the Court notes that, in general, an inmate has no justifiable expectation that he will be incarcerated in a particular prison.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  Additionally, relevant Arkansas Statutes do not create a liberty interest, in that they provide that the director of the ADC may transfer an inmate from one facility to another in accordance with treatment, training, or security, needs.  A.C.A. § 12-27-113. Although states may in certain circumstances create liberty interests, only sanctions that impose atypical and significant hardships upon a prisoner in relation to the ordinary restraints and incidents of prison life implicate the due process clause.  *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995).

In some cases, due process may be required when an inmate is placed into a super max unit. *Wilkinson v. Austin*, 545 U.S. 209 (2005).  In this case, Plaintiff was already in the super max unit, and does not contest his placement there.  The ADC has a program which allows inmates to work their way to more privileges, and, eventually, out of the super max unit.  Even assuming due process does attach to a program level reduction, it is clear that Plaintiff had due process before the reduction.  Plaintiff's level reduction was the direct result of his disciplinary conviction.  Plaintiff was given a disciplinary hearing before the conviction, and was allowed to make a statement (docket entry #60, exhibit #2).  Thus, Plaintiff received due process before his disciplinary conviction.

Plaintiff's disagreement with the outcome of the hearing, or belief that it was illogical, does not mean he was denied due process.

In his response to Defendants' motion, Plaintiff claims that unnamed members of the classification committee were biased against him because he had previously written grievances complaining of Hurst's rejection of his religious reading material. Although Plaintiff contends such grievances exist, he also admits that he does not have copies of the grievances at the current time. Now is the time for Plaintiff to provide evidence in support of his position. Defendants have provided a legitimate reason for Plaintiff's reduction in level. Plaintiff's allegations regarding alleged improper motives of the classification committee members, without more, is insufficient to defeat Defendants's motion for summary judgment. *See Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir.1994) (in order to defeat summary judgment motion, party must substantiate allegations with sufficient probative evidence that would allow finding in party's favor on more than just speculation, conjecture, or fantasy). Moreover, Plaintiff has offered no facts to suggest the hearing officer, who made the guilty determination, was biased in any way. Thus, to the extent that Plaintiff is raising an equal protection claim, or first amendment claim, it is without merit.

Additionally, the classification committee did not violate ADC policy by reducing Plaintiff's incentive level based on his disciplinary conviction. Indeed, a disciplinary conviction is one of the ways an inmate can receive a level reduction under the incentive program (docket entry #60, exhibit #5, page #13). Finally, even if the classification committee did violate ADC rules by relying on a disciplinary conviction to reduce Plaintiff's class, such an action, in itself, is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

In summary, Plaintiff received due process at his disciplinary hearing, and his incentive level

reduction was based upon that conviction.  Nothing in the record suggests any bias on the part of the hearing officer or the classification committee members.  Plaintiff's level reduction was done pursuant to ADC policy, and even if it were not, no constitutional right was violated.  Accordingly, Plaintiff's constitutional claims regarding his incentive level reduction should be dismissed.

*B.  State claims*

Plaintiff also asserts that Goins is liable for the common law tort of defamation and slander, based upon the disciplinary charges she lodged against him.  However, because the Court has determined that Defendants' motion for summary judgment should be granted with respect to Plaintiff's federal constitutional claims, the Court should decline to exercise supplemental jurisdiction over his state claims.  *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).  Plaintiff may pursue those claims in a state lawsuit.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #59) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      All pending motions be DENIED AS MOOT.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___23___ day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE